MCLAIN PC
ERIK MCLAIN SBN 219008
7545 IRVINE CENTER DRIVE, SUITE 200
IRVINE, CA 92616
Telephone: (949) 500-2818

Attorneys for Plaintiffs
SWAG MERCHANDISING INC. AND
DEVO INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWAG MERCHANDISING, INC., a California Corporation; DEVO INC., a California Corporation;<br><br>Plaintiffs,<br><br>v.<br><br>DEMAND MEDIA, INC., a Delaware Corporation; and DOES 1-10, INCLUSIVE;<br><br>Defendants. | Case No.: 2:14-cv-03078<br><br>COMPLAINT FOR:<br><br>1.) Violation of Lanham Act;<br>2.) Trademark Infringement;<br>3.) Counterfeiting;<br>4.) Dilution;<br>5.) Business & Professions Code 17200;<br>6.) Civil Code Section 3344<br>7.) Common Law Right of Publicity<br>8.) Conversion<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs SWAG MERCHANDISING, INC., a California Corporation; DEVO INC., a California Corporation; allege the following based on information and belief:

GENERAL ALLEGATIONS.

1. Plaintiff SWAG MERCHANDISING, INC. ("SWAG") is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of California, and duly licensed to conduct business within the State of California. At all times relevant to this Complaint, SWAG owed the exclusive right to license the musical

1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

group DEVO's various trademarks, copyrights, and individual rights of publicity.

2. Plaintiff DEVO, INC. ("DEVO") is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of California, and duly licensed to conduct business within the State of California. At all times relevant to this Complaint, DEVO owned the internationally recognized musical group DEVO's intellectual property, including trademarks, copyrights and rights of publicity.

3. Plaintiffs are informed and believe, and on that basis, allege that Defendant DEMAND MEDIA, INC. is a corporation organized and existing pursuant to Delaware Law and regularly conducts business online, and within the jurisdictional locale of Los Angeles, CA. Moreover, Defendant DEMAND MEDIA maintains its corporate headquarters and location within Los Angeles County, State of California.

4. Plaintiffs are informed and believe that Defendant DEMAND MEDIA is in the business of manufacturing, marketing and distributing apparel and memorabilia based on, among other things, classic and current television programming and/or musical categories. In particular DEMAND MEDIA is the sole owner and the operator of the website SOCIETY6.com through which it committed the acts complained of.

5. Plaintiffs are ignorant of the true names, capacities, and bases for liability of Defendants DOES 1 through 10, inclusive, and therefore sue said Defendants by their fictitious names. Plaintiffs will amend this Complaint to allege their true names, capacities, or bases for liability when the same has been ascertained. Plaintiffs are informed and believe, and thereon alleges, that Defendants, DOES 1 through 10, inclusive, and each of them, are in some manner liable to Plaintiffs.

6. At all times relevant to this action, each Defendant, including those

fictitiously named, was the agent, servant, employee, partner, joint venturer, or surety of the other Defendants, and was acting within the scope of said agency, employment, partnership, venture, or doing the things alleged herein.

## JURISDICTION AND VENUE

7. This is an action arising under the Lanham Act, 15 U.S.C. § 1125(a), and the California Civil Code.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367, and 15 U.S.C. § 1121.

9. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).

10. Defendants are subject to personal jurisdiction in this District Court because it regularly maintains its corporate headquarters in the State of California, County of Los Angeles and regularly conducts business within this same locale.

## FACTUAL BACKGROUND

9. Plaintiff DEVO, as a broadly recognized unique musical talent, as well as fame and prominence has acquired sufficient commercial rights of substantial value associated with DEVO's name, image, and likeness, as well as various trademarks and copyrights. These rights are proprietary rights recognized and protected by the common law, federal statutes and by certain trademarks and copyrights registered in the United States as well as various foreign countries.

10. SWAG is the exclusive licensing agent in and to the rights associated with DEVO's name, image, likeness, certain trademark rights, both international and domestic, in and to the name and image of DEVO, and certain copyrights related to

DEVO and its music.

11. As the licensor of the DEVO Intellectual Property, SWAG licenses the DEVO Intellectual Property to third parties, interested in trading off of and/or associating with the recognition of DEVO by using the DEVO Intellectual Property in association with the third parties' products or services.

12. In association with its rights as exclusive licensor, SWAG polices against third party unauthorized uses of the DEVO Intellectual Property by entities or individuals that seek to unfairly and unlawfully utilize the benefits associated with DEVO's Intellectual Property without prior express authorization from DEVO and/or SWAG. At all times relevant, SWAG has licensed, used, and protected the DEVO Intellectual Property from misuse.

13. Defendants do not now have, nor have they ever had, permission from DEVO or SWAG to commercially exploit the DEVO Intellectual Property in any manner.

14. Defendants DEMAND MEDIA are manufacturing, producing, marketing, advertising, and/or retailing unlicensed products which are commonly known by consumers to be associated with DEVO. These products include Art Prints; Framed Art Prints; Stretched Canvases; T-Shirts; Tank Tops; Kids T-Shirts; Onesies; Throw Pillows; Tote Bags; Wall Clocks; and Shower Curtains ("Unauthorized Merchandise") each bearing the name "DEVO" and the likeness of the Energy Dome hat.

15. The Unauthorized Merchandise are sufficiently associated with, and attributable to the DEVO likeness and consumers coming into contact with the Unauthorized Merchandise AND would immediately associate these with the DEVO

likeness, name, and/or property.

16. SWAG, as the exclusive agent for DEVO's Intellectual Property has licensed third parties to create similar products as well as the "Energy Dome Hats" which are identical and/or substantially similar in appearance, shape, form, size as to be nearly indistinguishable from the products manufactured, distributed, and sold by Defendants.

17. Defendants' manufacturing, production, marketing, and sale of the Unauthorized Merchandise, without prior express authorization is highly injurious to SWAG's ability to license the DEVO Intellectual Property by tarnishing the name and reputation of DEVO.

## FIRST CAUSE OF ACTION

### (Violation of §43(a) (15 U.S.C. §1125(a)) of the Lanham Act)

18. PLAINTIFFS incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

19. Each and every one of the Defendants' actions as alleged herein constitutes false designation of origin, affiliation or sponsorship in violation of 15 U.S.C. §1125(a).

20. DEVO is the lawful owner and registrant of the trademarks registered with the United States Trademark registration nos. 3161662 and 3167516. The unauthorized use of DEVO's Intellectual Property and name and likeness, constitutes a false designation of origin and a false description or representation that wrongfully and falsely designates the services and products offered as originating from DEVO, or being associated, with or approved or sponsored by DEVO.

21. As an actual and proximate cause of Defendants' wrongful acts, Plaintiffs have suffered and will continue to suffer harm to Plaintiffs' intellectual property, trademarks,

business reputation, and goodwill. Defendants will continue, unless enjoined, to conduct its business using the DEVO Intellectual Property, including but not limited to trademarks 3161662 and 3167516 and will otherwise cause irreparable harm to Plaintiffs. Therefore, Plaintiffs are entitled to injunctive relief restraining Defendants from engaging in further acts of false designation of origin, affiliation or sponsorship.

22. In addition to injunctive relief, Plaintiffs are further entitled to recover from Defendants the actual damages sustained by Plaintiffs. Plaintiffs are unable to ascertain the exact amount of damages incurred or likely to be incurred at this time, but said damages exceed the jurisdictional minimum of this Court.

23. Defendants are further entitled to recover from Defendants the gains, profits, and advantages that Defendants have realized as a result of the wrongful acts complained of herein.

24. Due to the voluntary and willful nature of Defendants' wrongful acts, Plaintiffs are entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. Section 1117.

25. Plaintiffs are entitled to recover their attorneys fees and costs of suit pursuant to 15 U.S.C. Section 1117.

## SECOND CAUSE OF ACTION

**(Trademark Infringement 15 U.S.C. §1114 and Common Law)**

26. Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

27. Defendants have used in commerce, without Plaintiffs' permission, the DEVO Intellectual Property, including but not limited to the registered trademarks nos. 3161662 and

3167516, in a manner that is likely to cause confusion with respect to the source and origin of Defendants' business and is likely to cause confusion to the public concerning the affiliation, connection, approval or sponsorship of SWAG or DEVO and Defendants' unauthorized merchandise.

28. Each of Defendants' acts constitutes willful infringement of the DEVO Intellectual Property, including but not limited to the marks 3161662 and 3167516 in violation of 15 U.S.C. 1114 and the common law.

29. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer damage to their trademark, business reputation, and goodwill. Defendants will continue, unless enjoined, to conduct its business using the DEVO Intellectual Property, including but not limited to trademarks 3161662 and 3167516 and will otherwise cause irreparable harm to Plaintiffs. Therefore, Plaintiffs are entitled to injunctive relief restraining Defendants from engaging in further acts of false designation of origin, affiliation or sponsorship.

30. In addition to injunctive relief, Plaintiffs are further entitled to recover from Defendants the actual damages sustained by Plaintiffs. Plaintiffs are unable to ascertain the exact amount of damages incurred or likely to be incurred at this time, but said damages exceed the jurisdictional minimum of this Court.

31. Defendants are further entitled to recover from Defendants the gains, profits, and advantages that Defendants have realized as a result of the wrongful acts complained of herein.

32. Due to the voluntary and willful nature of Defendants' wrongful acts, Plaintiffs are entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. Section

1117.

33. Plaintiffs are entitled to recover their attorneys' fees and costs of suit pursuant to 15 U.S.C. Section 1117.

## THIRD CAUSE OF ACTION

### (Counterfeiting 15 U.S.C. §1114(a))

34. Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

35. Defendants have used in commerce marks which are identical with or substantially indistinguishable from the DEVO Intellectual Property, including Trademark registration nos. 3161662 and 3167516.

36. The DEVO Intellectual Property, including the registered trademarks are currently in use and registered on the Principal Registrar for the same class of goods as being used in connection with Defendants' counterfeit marks.

37. At all times mentioned herein, Defendants' use of counterfeit copies of the DEVO Intellectual Property, including but not limited to the registered marks, was not authorized by Plaintiffs.

38. Defendants' acts constitute willful trademark counterfeiting in violation of 15 U.S.C. Section 1114.

39. Defendants intentionally used counterfeits of the DEVO Intellectual Property, including the registered trademarks with knowledge that the marks were counterfeit, because Defendants had no authority to use the DEVO Intellectual Property, or the registered marks. Such conduct constitutes willful trademark counterfeiting of the marks in United States Trademark registration nos. 3161662 and 3167516.

40. Defendants have made or will make substantial profits by virtue of its unlawful conduct and for which, Defendants are not entitled.

41. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer damage to their trademark, business reputation, and goodwill. Defendants will continue, unless enjoined, to conduct its business using the DEVO Intellectual Property, including but not limited to trademarks 3161662 and 3167516 and will otherwise cause irreparable harm to Plaintiffs. Therefore, Plaintiffs are entitled to injunctive relief restraining Defendants from engaging in further acts of false designation of origin, affiliation or sponsorship.

42. In addition to injunctive relief, Plaintiffs are further entitled to recover from Defendants the actual damages sustained by Plaintiffs. Plaintiffs are unable to ascertain the exact amount of damages incurred or likely to be incurred at this time, but said damages exceed the jurisdictional minimum of this Court.

43. Defendants are further entitled to recover from Defendants the gains, profits, and advantages that Defendants have realized as a result of the wrongful acts complained of herein.

44. Due to the voluntary and willful nature of Defendants' wrongful acts, Plaintiffs are entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. Section 1117(b).

45. Plaintiffs are entitled to recover their attorneys' fees and costs of suit pursuant to 15 U.S.C. Section 1117.

46. Alternatively, Plaintiffs are entitled to recover statutory damages pursuant to U.S.C. Section 1117(c).

## FOURTH CAUSE OF ACTION

## (Dilution 15 U.S.C. §1125(c))

47. Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

48. The DEVO Intellectual Property, and the marks registered as nos. 3161662 and 3167516, have acquired distinction and strong secondary meaning through extensive, continuous, and exclusive use of the DEVO Intellectual Property, including but not limited to the marks in the United States Trademark registration nos. 3161662 and 3167516 before Defendants began their unauthorized commercial use and promotion of these rights.

49. The DEVO Intellectual Property, including but not limited to the registered marks are famous and distinctive within the meaning of 15 U.S.C. Section 1125(c)(1).

50. Defendants' use of the DEVO Intellectual Property and the registered marks, has caused and is likely to cause dilution by blurring and dilution by tarnishment of the DEVO Intellectual Property, including the registered marks in violation of 15 U.S.C. Section 1125 (c).

51. As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer damage to their trademark, business reputation, and goodwill. Defendants will continue, unless enjoined, to conduct its business using the DEVO Intellectual Property, including but not limited to trademarks 3161662 and 3167516 and will otherwise cause irreparable harm to Plaintiffs. Therefore, Plaintiffs are entitled to injunctive relief restraining Defendants from engaging in further acts of false designation of origin, affiliation or sponsorship.

52. In addition to injunctive relief, Plaintiffs are further entitled to recover from

Defendants the actual damages sustained by Plaintiffs. Plaintiffs are unable to ascertain the exact amount of damages incurred or likely to be incurred at this time, but said damages exceed the jurisdictional minimum of this Court and are to believed no less than $300,000.

53. Defendants are further entitled to recover from Defendants the gains, profits, and advantages that Defendants have realized as a result of the wrongful acts complained of herein.

54. Due to the voluntary and willful nature of Defendants' wrongful acts, Plaintiffs are entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. Section 1117.

55. Plaintiffs are entitled to recover their attorneys' fees and costs of suit pursuant to 15 U.S.C. Section 1117.

## FIFTH CAUSE OF ACTION

### (Violation of California Business & Professions Code Section 17200)

56. Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

57. Defendants' acts and practices as detailed above constitute acts of unfair competition. Defendants have engaged in an unlawful, unfair or fraudulent business act and/or practice within the meaning of California Business & Professions Code §17200.

58. Defendants have engaged in an "unlawful" business act and/or practice by engaging in the conduct set forth above. These business acts and practices violated numerous provisions of law, including, *inter alia*, state and federal laws as set forth above.

59. Through the above-described conduct, Defendants have engaged in an "unfair" business act or practice in that the justification for such actions and the refusal to notify the

general public of the true facts, either in the past or presently, based on the business acts and practices described above is outweighed by the gravity of the resulting harm, particularly considering the available alternatives, and/or offends public policy, is immoral, unscrupulous, unethical and offensive, or causes substantial injury to consumers.

60. By engaging in the above-described conduct, Defendants have engaged in a "fraudulent" business act or practice in that the business acts and practices described above had a tendency and likelihood to deceive the general public.

61. Pursuant to California Business & Professions Code §17203, Plaintiffs, seek a temporary, preliminary and/or permanent order from this Court prohibiting Defendants from refusing to continue to engage in the unlawful, unfair, or fraudulent business acts or practices set forth in this Complaint and from failing to fully disclose the true facts as set forth herein, and or ordering Defendants or their representatives to stop misleading the public and engage in a corrective campaign, particularly in light of the public misperception created by Defendants' and/or their representatives' misstatements and omissions of material fact, as well as provide appropriate equitable monetary relief as the court deems just and appropriate to all persons with a vested interest therein.

## SIXTH CAUSE OF ACTION

**(Right of Publicity Infringement Under California Civil Code Section 3344)**

62. Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

63. DEVO is the real party in interest and may duly exercise and enforce the DEVO Intellectual Property, including but not limited to the DEVO right of publicity, pursuant to California Civil Code 3344.

64. Because the Defendants have used the DEVO Intellectual Property, including the DEVO right of publicity, on and/or in connection with the advertising, marketing, production, distribution, and/or sale of the Unauthorized Merchandise without Plaintiffs' prior express consent, Defendants are in violation of California Civil Code Section 3344.

65. Defendants have knowingly, maliciously, and intentionally engaged in conduct prohibited by California Civil Code Section 3344.

66. DEVO's rights have been and will continue to be irreparably harmed by Defendants unless they are enjoined from further continued use of the DEVO Intellectual Property, including DEVO's rights of publicity. DEVO's remedy of law is inadequate to prevent further violation of its rights.

## SEVENTH CAUSE OF ACTION

### (Common Law Right of Publicity)

67. Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

68. DEVO is a famous entity with a unique identity and likeness that is commercially exploited by Plaintiffs under license and protected from misuse by third parties, such as Defendants, desiring to associate themselves and/or their goods and services with DEVO.

69. DEVO's image, likeness, name comprises a combination of many features carefully cultivated by DEVO's professional career. It is these features by which DEVO is universally recognized and remembered and pursuant to which the DEVO Intellectual Property is valued.

70. Defendants' knowing, intentional, willful, and malicious unauthorized

commercial exploitation of the DEVO Intellectual Property, including the DEVO right of publicity, constitutes a violation of the common law right of publicity.

71. Plaintiffs' rights have been and will continue to be irreparably harmed by Defendants unless Defendants are enjoined from their further continued use of the DEVO Intellectual Property, including the right of publicity.

72. Plaintiffs have suffered damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### (Conversion)

73. Plaintiffs incorporate herein by reference, as though fully set forth below, each and every previous and subsequent paragraph of this Complaint.

74. By engaging in the conduct described above, Defendants have exerted unauthorized control and dominion over the property of DEVO with intent to deprive Plaintiffs of its benefits.

75. Defendants' actions have caused harm to Plaintiffs in a sum to be proven at the time of trial.

## DEMAND FOR JURY TRIAL

1. Plaintiffs hereby demand a jury by trial on all applicable causes of action alleged in this Complaint.

## PRAYER FOR RELIEF:

**WHEREFORE** PLAINTIFFS pray for judgment against Defendants, and each of them, as follows:

1. An injunction enjoining Defendants from future use of the DEVO Intellectual Property, including but not limited to the marks registered as nos. 3161662 and 3167516 and the DEVO Right of Publicity;

2.    An Order directing the immediate and complete surrender of any and all merchandise, designs, plans, marketing materials, advertisements, conceptual, etc. featuring the DEVO Intellectual Property, including but not limited to the marks registered as nos. 3161662 and 3167516 and the DEVO Right of Publicity;

3.    An award of all damages owed to Plaintiff as prescribed by law in an amount to be proven at trial;

4.    An award of treble damages, punitive damages, costs of suit, prejudgment interest, and attorneys' fees; and

5.    For such other and further relief as the Court deems equitable and proper

Dated: April 15, 2014

McLAIN PC

By: *(signature)*

Erik McLain

Attorneys for Plaintiffs

---

15

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF